THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLENDA E. JOHNSON, an individual,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING RECEIVER'S MOTION FOR TURNOVER OF REAL PROPERTY**<br><br>Civil No. 2:19-cv-00625-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff R. Wayne Klein (the "Receiver") seeks entry of an order directing Defendant Glenda E. Johnson to transfer ownership of four parcels of real property to the Receiver ("Turnover Motion").[1] In *United States v. RaPower-3, LLC et al.*, No. 2:15-cv-00828-DN-DAO (D. Utah) ("Underlying Action"), Ms. Johnson demonstrated a pattern of withholding documents from the Receiver, including documents relating to the four properties.[2] She was held in contempt for her conduct and sanctioned to bear the burden of demonstrating in this action that the funds used for her acquisition of the properties came from sources other than Receivership Entities and Affiliated Entities ("Contempt Order").[3] And she was warned that if she did not do so within 60 days after the contempt finding, she would be ordered to turn over the properties' title to the Receiver.[4]

---

[1] Motion for Turnover of Real Property ("Turnover Motion"), docket no. 34, filed June 30, 2021.

[2] Civil Contempt Order Re: Glenda Johnson, Roger Hamblin, and Preston Olsen ("Contempt Order"), ECF no. 1116 in Underlying Action, filed Apr. 14, 2021.

[3] *Id*. ¶ 3 at 64-65.

[4] *Id*.

Because Ms. Johnson has failed to comply with the Underlying Action's Contempt Order and has failed to submit evidence and argument in this action demonstrating the source of funds for her acquisition of the four properties, the Receiver's Turnover Motion[5] is GRANTED.

## DISCUSSION

This case arises from the appointment of the Receiver and entry of the Corrected Receivership Order[6] in the Underlying Action. The Receiver's Complaint alleges that Ms. Johnson received over $5,000,000 from Receivership Entities in furtherance of the tax fraud that was determined in the Underlying Action and did so without giving any legally recognized value for the transferred money.[7] The Complaint also alleges that Receivership Entity funds were used for Ms. Johnson's acquisition of four parcels of real property: Millard County Parcel Nos. HD-4497-1, DO-3151, HD-4658, and DO-3276-1-1 (the "Turnover Properties").[8] The Receiver seeks recovery of the money that was improperly transferred to Ms. Johnson and the transfer of ownership of the Turnover Properties to the Receiver.[9]

On April 14, 2021, the Contempt Order entered in the Underlying Action holding Ms. Johnson in civil contempt for her numerous violations of the Corrected Receivership Order.[10] Prior to the entry of the Contempt Order, Ms. Johnson was held in civil contempt two other times

---

[5] Docket no. 34, filed June 30, 2021.

[6] ECF no. 491 in Underlying Action, filed Nov. 1, 2018.

[7] Complaint ¶ 1 at 2, docket no. 2, filed Sept. 4, 2019

[8] *Id.* ¶¶ 31-35 at 9-11.

[9] *Id.* ¶¶ A-E at 16-17.

[10] Contempt Order ¶ 1 at 64.

in the Underlying Action.[11] The Contempt Order included the following sanction against Ms. Johnson:

> Due to Glenda Johnson's pattern of interference with the Receiver's efforts to take control of property identified in the CRO and her demonstrated pattern of withholding documents from the Receiver, including documents related to Anstram and real property in Millard County, Glenda Johnson bears the burden of demonstrating (in the Receiver's separate lawsuit against her (Case No. 2:19-cv-625)), that funds used for her acquisition of each of those properties came from sources other than Receivership Entities and Affiliated Entities. Glenda Johnson shall have 60 days from the date of this order to submit any admissible documents and arguments in Case No. 2:19-cv-625 demonstrating the source of funds for the purchases of these four properties. If she fails to introduce evidence demonstrating the source of funds for the property purchases, an order will be entered requiring Glenda Johnson to turn over the properties to the Receiver as Receivership Property.[12]

After the Contempt Order's 60-day deadline expired, the Receiver filed the Turnover Motion seeking an order directing Ms. Johnson to turnover of the Turnover Properties to the Receiver.[13] Ms. Johnson has failed to submit any evidence or arguments as instructed by the Contempt Order and the time to do so has passed.

---

[11] Civil Contempt Order Re: R. Gregory Shepard, Neldon Johnson, Glenda Johnson, LaGrand Johnson, and Randale Johnson, Underlying Action, ECF no. 701 in Underlying Action, filed June 25, 2019; Civil Contempt Order Re: Neldon Johnson, Glenda Johnson, LaGrand Johnson, and Randale Johnson ("Prior Contempt Order"), ECF no. 947 in underlying Action, filed July 6, 2020.The latter order found:

> Neldon Johnson and Glenda Johnson went to the Oasis, Utah waste transfer station in a vehicle loaded with documents, including original financial records of IAS, original IAS board meeting minutes, Neldon Johnson's personal financial records, and original financial records of U-Check (an Affiliated Entity). Once there, they took the documents out of the vehicle and put them in three or four large black trash bags. They threw the garbage bags into a dumpster, and drove away.

Prior Contempt Order at 7.

[12] Contempt Order ¶ 3 at 64-65.

[13] Docket no. 34, filed June 30, 2021.

Ms. Johnson's Response to the Turnover Motion consists of three sentences which summarily dispute that she failed to comply with the Contempt Order:[14]

> Paragraph seven (7) is not true.[15] All of the information requested was sent June 14, 2021 see exhibit (1). I ask the court to deny the motion.

The Response refers to and attaches three documents to support Ms. Johnson's argument: (1) Ms. Johnson's responses to the Receiver's requests for discovery;[16] (2) an Equipment Wholesale Agreement[17] between Solstice Enterprises, Inc. ("Solstice") and RaPower-3, LLC ("RaPower"); and (3) a handwritten contract between Solstice, RaPower, and Glenda Johnson.[18] These documents have no apparent relationship to the issues in this case or on the source of funds for Ms. Johnson's acquisition of the Turnover Properties. The documents do not demonstrate that the funds used for Ms. Johnson's acquisition of the Turnover Properties came from sources other than Receivership Entities and Affiliated Entities. And the documents do not establish that Ms. Johnson is legally entitled to retain ownership of the Turnover Properties.

---

[14] Opposition to Motion for Turnover of Real Property ("Response"), docket no. 35, filed July 8, 2021.

[15] Paragraph 7 of the Receiver's Turnover Motion reads:

> Because Glenda Johnson did not submit documents and arguments related to the four properties, the Contempt Order states that "an order will be entered requiring Glenda Johnson to turn over the properties to the Receiver as Receivership Property."

[16] Answer to Receiver's First Set of Discovery Requests to Glenda E. Johnson, docket no. 35-1, filed July 8, 2021.

[17] Docket no. 35-2, filed July 8, 2021.

[18] Solstice Contract with RaPower3 and Contract with Glenda E Johnson, docket no. 35-3, filed July 8, 2021. Page 9 of this document was also filed in the Underlying Action. ECF no. 684-2 in Underlying Action, filed May 24, 2019. The Underlying Action's Prior Contempt Order determined that "[t]his document – this unverified, unattested $35 million handwritten agreement, purportedly creating enforceable obligations and rights – is worthy of ridicule. Its form and content belie any honest or intelligent purpose. The production of this pathetic fabrication very late in this proceeding by Neldon Johnson and Glenda Johnson is itself contemptuous of the Court. This document and its production are yet another support for the conclusion that Neldon Johnson and Glenda Johnson are not credible." Prior Contempt Order ¶ 13 at 9.

Ms. Johnson also filed a document titled "Answer to Reply in Support of Motion for Turnover of Real Property."[19] Ms. Johnson did not request leave to file a sur-response to the Receiver's Turnover Motion. Therefore, the filing is untimely and procedurally improper.

Regardless, the substance of the document and its attached exhibits do not respond to the factual or legal issues in this case or the Receiver's Turnover Motion. Rather, Ms. Johnson makes the unfounded argument that the United States and this court's orders have taken her protected property rights in contacts for which she is entitled to compensation.[20] And Ms. Johnson attaches several exhibits which she believes prove the validity of fraudulent solar energy and tax credit scheme at issue in the Underlying Action.[21] These documents do not demonstrate that the funds used for Ms. Johnson's acquisition of the Turnover Properties came from sources other than Receivership Entities and Affiliated Entities. And the documents do not establish that Ms. Johnson is legally entitled to retain ownership of the Turnover Properties.

Ms. Johnson has failed to comply with the Underlying Action's Contempt Order and has failed to submit evidence and argument in this action demonstrating the source of funds for her acquisition of the Turnover Properties. Therefore, consistent with the sanction within the Underlying Action's Contempt Order, the Receiver's Turnover Motion[22] is GRANTED.

---

[19] Docket no. 40, filed Aug. 3, 2021.

[20] *Id*. at 1-2.

[21] Docket no. 40-1, filed Aug. 3, 2021.

[22] Docket no. 34, filed June 30, 2021.

**ORDER**

IT IS HEREBY ORDERED that:

1.      The Receiver's Turnover Motion[23] is GRANTED.

2.      The Turnover Properties are Receivership Property.

3.      Within 14 days of this Order, Glenda E. Johnson must sign documents requested by the Receiver transferring title for the Turnover Properties to the Receiver along with any water rights related to the Turnover Properties. These documents must be prepared by the Receiver and delivered to Ms. Johnson within 10 days of this Order.

4.      The Receiver is authorized to immediately take possession of all Turnover Properties. This includes the power and authority to change locks and control access to the Turnover Properties. Glenda E. Johnson, Neldon Johnson, LaGrand Johnson, and Randale Johnson are specifically prohibited and enjoined from entering the premises of any of the Turnover Properties after the date of this Order without written permission from the Receiver or an order from the court. The Receiver is directed to provide notice of this Order to counsel for LaGrand Johnson and Randale Johnson and provide notice to Neldon Johnson by mail, within three (3) days of the entry of this Order.

5.      The United States Marshals Service is authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order.

6.      All furnishings, vehicles, equipment, tools, supplies, records, and inventory (including plastic lenses) located at or on any of the Turnover Properties as of the date of this

---

[23] Docket no. 34, filed June 30, 2021.

6

Order must remain on the premises of the Turnover Properties. An exception is granted for items owned by unrelated third parties who are tenants of the Turnover Properties.

7.      Glenda E. Johnson must ensure that any insurance on any Turnover Property that was in place on the date of this Order is not canceled or refunded. Within 14 days of the date of this Order, Glenda Johnson shall provide to the Receiver copies of all insurance policies on the Turnover Properties and information about the status of those insurance policies (including, without limitation, the expiration dates of the policies; payment information including the date, amount, and location for the next payment; and the identity of the insurance agents who service those policies).

8.      Within 30 days of this Order, the Receiver must file a proposed amended complaint in this action, removing any claims or prayers for relief that duplicate relief granted to the Receiver by this Order.

9.      In the event the Receiver or the United States determines that Glenda E. Johnson, Neldon Johnson, or any other person acting on her or their behalf has failed to comply with any portion of this Order or has interfered with the Receiver's actions to take possession of the Turnover Properties, the Receiver or the United States shall file a notice of non-compliance with the court. Upon the filing of a notice of non-compliance, the court may, depending on the severity of the asserted non-compliance or its asserted consequences, issue a bench warrant for the person for incarceration until the court holds a hearing on the matter.

Dated August 5, 2021.

BY THE COURT:

David Nuffer
United States District Judge