THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>NELDON JOHNSON, as Personal Representative of the Estate of Glenda E. Johnson,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER SANCTIONING DEFENDANT WITH DEFAULT JUDGMENT AND DIRECTING RECEIVER TO SUBMIT AN AFFIDAVIT OF DAMAGES AND PROPOSED DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00625-DN-PK<br><br>District Judge David Nuffer |

Neldon Johnson, as Personal Representative of the Estate of Glenda E. Johnson, was substituted as Defendant on September 12, 2024.[1] On September 27, 2024, Magistrate Judge Paul Kohler ordered Mr. Johnson to appear through counsel within 21 days.[2] Judge Kohler also warned Mr. Johnson that a failure to timely appear through counsel may result in sanctions, including entry of default judgment.[3]

Nearly four months have passed since the entry of Judge Kohler's order, and Mr. Johnson has failed to appear through counsel.[4] "Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure permit a court to enter a default judgment when a party disobeys a court order."[5] But because a "default judgment . . . represents an extreme sanction, it is appropriate only in cases of

---

[1] Order Substituting Party, docket no. 70, filed Sept. 12, 2024.

[2] Order to Appear, docket no. 71, filed Sept. 27, 2024.

[3] *Id*.

[4] *Id*.

[5] *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 Fed. App'x 741, 745 (10th Cir. 2018).

willful misconduct."[6] "A 'willful failure' is any intentional failure as distinguished from involuntary noncompliance[, b]ut no wrongful intent need be shown."[7] Additionally, before imposing a default judgment as a sanction, courts must consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[8]

"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is . . . default judgment an appropriate sanction."[9]

The circumstances of this case warrant the entry of default judgment against Mr. Johnson as a sanction for his failure to comply with court orders. Mr. Johnson, like any party that is sanctioned with default judgment, will suffer some prejudice by not having the merits of his defenses heard. However, Mr. Johnson has failed to appear through counsel despite being substituted as Defendant and being ordered to appear through counsel.

The Utah state court appointed Mr. Johnson as the representative of the Estate of Glenda E. Johnson on July 31, 2024.[10] The Receiver served Mr. Johnson with his Motion for Substitution of Glenda E. Johnson Due to Death on August 8, 2024.[11] Mr. Johnson did not respond to the Receiver's Motion, and has failed to appear through counsel after being substituted as Defendant and being ordered to appear through counsel. Mr. Johnson has had ample time and opportunity to appear through counsel. Because of Mr. Johnson's knowledge of

---

[6] *Id*. (internal quotations omitted).

[7] *Id*. (internal quotations and punctuation omitted).

[8] *Id*. at 745-746 (internal quotations omitted).

[9] *Id*. at 746 (internal quotations and punctuation omitted).

[10] Statement of Informal Appointment of Personal Representative, docket no. 67-1, filed Aug. 5, 2024.

[11] Certificate of Service, docket no. 69, filed Sept. 11, 2024.

the orders and clear directives, his failure to comply with the order to appear is willful. Mr. Johnson has been warned that his failure to comply with the order to appear may result in entry of default judgment as a sanction. Mr. Johnson's conduct and has unreasonably delayed and impeded the prosecution of the Receiver's claims. And any lesser sanction then default judgment at this time would be ineffective because of Mr. Johnson's willful failure to appear in the case after being substituted as Defendant.

Therefore, the circumstances warrant a sanction of default judgment against Mr. Johnson for its failure to comply with court orders.

## ORDER

IT IS HEREBY ORDERED that Mr. Johnson's default is entered, and default judgment in favor of the Receiver and against Mr. Johnson, as personal representative of the Estates of Glenda E. Johnson, shall enter as a sanction for Mr. Johnson's failure to comply with court orders. The Receiver is directed to file, by no later than February 7, 2024: (1) an affidavit identifying his damages; and (2) a proposed default judgment against Defendant.

Signed January 6, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge